FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 11 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DAVID ROBINSON, Jr.,

                Plaintiff,

-against-

UNITED STATES POSTAL SERVICE,

                Defendant.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-5874 (SLT) (LB)

**TOWNES, United States District Judge:**

On November 22, 2012, pro se plaintiff David Robinson, Jr., commenced this action against the United States Postal Service ("USPS"), alleging non-delivery of his mail in violation of 42 U.S.C. § 1983. Robinson's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. For the reasons set forth below the complaint is dismissed.

**I.    BACKROUND**

Robinson alleges that on January 5, 2012, he submitted legal documents in a sealed and addressed envelope to USPS to be delivered to the United States Second Circuit Court of Appeals. (Compl. ¶ 5). He states that the mail was never delivered and disappeared from the custody of USPS. (Compl. ¶ 5). According to the complaint, Robinson made a telephone inquiry and filed complaints to USPS. He claims that on November 13, 2012, he was informed that a change of address had been submitted in his name, which he denies doing. He issued another telephone inquiry and filed a complaint. (Compl. ¶ 6).

Robinson asserts that a "pattern of non-service is clearly evident," and the action of USPS has "deprived Plaintiff access to the court, due process of law, and equal protection."

(Compl. ¶ 6). He alleges pursuant to §1983 that his rights under the First, Fifth, and Fourteenth Amendments have been violated and demands declaratory judgment against USPS as well as damages in the amount of $2 million. (Comp. ¶¶ 8-13).

## II.  STANDARD OF REVIEW

In reviewing Plaintiff's filings, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not include "detailed factual allegations," it must do more than put forth "labels and conclusions." Id. at 555. A claim will be considered "plausible on its face . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See also 28 U.S.C. § 1915A. Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3)

## III.  DISCUSSION

An action against the USPS is actually an action against the United States. See Djordjevic v. Postmaster General, 911 F. Supp. 72, 74 (E.D.N.Y. 1995). Moreover, absent a waiver the doctrine of "sovereign immunity shields the Federal Government and its agencies

from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), however, the United States has waived its sovereign immunity from suit as to certain categories of claims – except with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). See, e.g., Gildor v. U.S. Postal Service, 179 Fed. Appx. 756, 758 (2d Cir. 2006) (affirming dismissal of suit against USPS for mis-delivering package on sovereign immunity grounds); Wilber v. U.S. Postal Service, No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 02, 2010) (dismissing complaint alleging USPS negligently left package outside plaintiff's home though she paid for "confirmation delivery"); Azeez v. U.S. Postal Services (USPS), No. 10-CV-2001, 2010 WL 2653350, at *2 (E.D.N.Y. June 22, 2010) (dismissing complaint alleging "disappearance of Plaintiff's package" from custody of USPS). Accordingly, although sympathetic to Robinson's frustrations, the Court lacks jurisdiction to review the merits of his claim.

## IV. CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); see 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**

/ SANDRA L. TOWNES
United States District Judge

Dated: December 7, 2012
Brooklyn, New York

3